

# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. MICHAEL J. LOVE,        )        *Opinion issued June 4, 2024*
                                      )
      Relator,                      )
                                      )
v.                                    )        No. SC100197
                                      )
THE HONORABLE HEATHER R.              )
CUNNINGHAM,                           )
                                      )
      Respondent.                   )

and

STATE ex rel. GARY LUDWICK,           )
                                      )
      Relator,                      )
                                      )
v.                                    )        No. SC100198
                                      )
THE HONORABLE HEATHER R.              )
CUNNINGHAM, JUDGE, CIRCUIT            )
COURT, ST. LOUIS COUNTY,              )
                                      )
      Respondent.                   )

and

STATE ex rel. KRISTINA JORDAN,    )
    )
       Relator,    )
    )
v.    )     No. SC100199
    )
THE HONORABLE HEATHER    )
CUNNIGHAM, JUDGE, CIRCUIT    )
COURT, ST. LOUIS COUNTY,    )
    )
       Respondent.    )

and

STATE ex rel. JAMES HENSON,    )
    )
       Relator,    )
    )
v.    )     No. SC100200
    )
THE HONORABLE HEATHER R.    )
CUNNINGHAM, ST. LOUIS COUNTY,    )
DIVISION 3,    )
    )
       Respondent.    )

## ORIGINAL PROCEEDINGS IN PROHIBITION

Austin Jarvis and Tonya Musskopf sued Stanley McFadden, the Missouri Highways and Transportation Commission ("MHTC"), and four MHTC employees in their individual capacities:  Michael Love, Gary Ludwick, Kristina Jordan, and James Henson (the "employees").  The employees seek writs of prohibition from this Court requiring the circuit court to vacate its order overruling the employees' motions for

judgment on the pleadings and to enter judgment for the employees.[1]  Because this Court

concludes official immunity bars the claims against the employees, this Court now makes

permanent its preliminary writ in each case.[2]

## Factual Background and Procedural History

On November 18, 2021, Kaitlyn Anderson died from injuries she sustained while

working.  She was pregnant and carrying *in utero* a son, Jaxx Jarvis, who also died.[3]

As of November 18, 2021, the Missouri Department of Transportation[4] employed

Anderson as a maintenance worker in the St. Louis District.  As of November 18, 2021,

MHTC employed the employees in supervisory roles (Love and Henson as supervisors,

Jordan as intersection crew leader, and Ludwick as an assistant supervisor).  As of

November 18, 2021, and since at least 1980, MHTC had in place rules, policies, and

procedures mandating a protective vehicle be provided and placed in advance of the work

---

[1] The employees filed separate petitions for writs of prohibition in this Court and filed identical motions to consolidate, which this Court now overrules as moot.  This Court issues a single opinion because the underlying conduct and legal issues are the same in each case.

[2] Because this Court concludes official immunity is dispositive, this Court does not reach the employees' claimed alternate grounds for judgment on the pleadings, including the affirmative defenses of co-employee immunity under section 287.120.1, RSMo Supp. 2017, of Missouri's Workers' Compensation Law; the public duty doctrine; and failure to state a negligence claim against the employees independent of MHTC's nondelegable duties.

[3] The remainder of this opinion will refer to Austin Jarvis and Jaxx Jarvis as "Austin" and "Jaxx" to avoid confusion and for ease of reference.  No familiarity or disrespect is intended.

[4] The MHTC is a six-member board governing the Missouri Department of Transportation.  Austin and Musskopf did not name the Missouri Department of Transportation as a defendant, and the parties do not dispute MHTC is the proper defendant.

space whenever workers were physically working within a traffic lane.

On November 18, 2021, Anderson was striping an intersection within a traffic lane on a multilane undivided highway in St. Louis County. The employees, all of whom were in supervisory and managerial positions over maintenance workers including Anderson, assigned Anderson and her crew to perform the striping work without the required protective vehicle. Anderson was crouched down placing lane control arrows within the traffic lane closest to the shoulder when McFadden drove a vehicle into the work space and struck Anderson, killing her and Jaxx. On several occasions before her death, Anderson had requested MHTC supervisors place her in a safer role where the risk of injury would be minimized while she was pregnant, and the employees were aware before November 18, 2021, Anderson had asked for a safer position to reduce her risk of injury while she was pregnant.

Austin, Jaxx's father and Anderson's boyfriend, and Musskopf, Anderson's mother and Jaxx's grandmother, brought a wrongful death action against McFadden, MHTC, and the employees under section 537.080[5] for the deaths of Anderson and Jaxx. In their second amended petition, Austin and Musskopf alleged the employees violated MHTC's mandatory, non-discretionary rules, policies, and procedures requiring the provision and placement of a protective vehicle in advance of the work space at the crash location and, instead, "ordered and approved [] Anderson and her crew to work unprotected, without mandatory training, and without a mandatory safety plan" in

---

[5] Unless otherwise noted, all statutory references are to RSMo 2016.

4

violation of "MHTC's non-discretionary rules while the risk of serious injury and death were blatantly apparent to Defendants." Austin and Musskopf also alleged the employees "blatantly, maliciously, and intentionally refused to provide the required ongoing training or a safety plan to [] Anderson and, instead, actually approved and ordered [] Anderson to work in an open traffic lane without a protective vehicle." They also alleged, as to each of the employees, that "violation of [the] mandatory duty to ensure the placement of a protective vehicle in advance of the work space … was willfully wrong, done with malice, and/or done in bad faith." Finally, they alleged each of the employees "intentionally, blatantly, maliciously, and negligently refused to … adhere to these non-discretionary rules."

The employees moved for judgment on the pleadings, asserting the right to judgment as a matter of law on their official immunity affirmative defense. The circuit court sustained each motion in part and overruled each motion in part, so that Musskopf's claims against the employees for Anderson's wrongful death remained pending, as did Austin's claims against the employees for Jaxx's wrongful death. The employees sought writs of prohibition from the court of appeals, which denied the writ petitions. This Court issued preliminary writs of prohibition. The employees now seek permanent writs.

### Standard of Review

This Court has the authority to "issue and determine original remedial writs." Mo. Const. art. V, sec. 4.1. "Prohibition is appropriate when an individual is entitled to official immunity." *State ex rel. Barron v. Beger*, 655 S.W.3d 356, 360 (Mo. banc 2022).

5

"This Court reviews a circuit court's ruling on a motion for judgment on the pleadings *de novo*." *City of St. Louis v. State*, 682 S.W.3d 387, 396 (Mo. banc 2024). "The well-pleaded facts of the non-moving party's pleading are treated as admitted for purposes of the motion." *Id.* (internal quotation omitted). "However, [t]his Court will not blindly accept the legal conclusions drawn by the pleaders from the facts." *Id.* (alteration in original) (internal quotation omitted). A judgment on the pleadings is appropriate "only if the facts pleaded by the petitioner, together with the benefit of all reasonable inferences drawn therefrom, show that petitioner could not prevail under any legal theory[.]" *Id.* (internal quotation omitted).[6]

## Analysis

"Two types of immunity often are confused when suit is brought against a governmental official." *State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187, 190 (Mo. banc 2019). "Broadly speaking, sovereign immunity protects governmental entities from tort liability and can be invoked when a governmental official is sued only in his or her official capacity." *Id.* "Official immunity, on the other hand, protects public officials sued in their individual capacities from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *Id.* (internal quotation omitted). Because Austin and Musskopf sued the employees in their individual capacities, sovereign immunity does not apply. The question then becomes

---

[6] Consistent with this Court's standard of review, this opinion includes only those facts alleged by Austin and Musskopf in their second amended petition. *City of St. Louis*, 682 S.W.3d at 396.

6

whether official immunity applies. The parties do not dispute the employees are public officials as employees of MHTC, a governmental entity.

"Missouri has long-applied the doctrine of official immunity." *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. banc 2008) (citing *Reed v. Conway*, 20 Mo. 22 (1854)). "Official immunity is intended to provide protection for individual government actors who, despite limited resources and imperfect information, must exercise judgment in the performance of their duties." *Id.* at 611. "The purpose of this doctrine is to allow public officials to make judgments affecting the public safety and welfare without the fear of personal liability." *Alsup*, 588 S.W.3d at 190 (alteration omitted) (internal quotation omitted). "This is because, if an officer is to be put in fear of financial loss at every exercise of his official functions, the interest of the public will inevitably suffer[.]" *Id.* at 190-91 (alterations omitted) (internal quotation omitted). "[W]hen a public official asserts the affirmative defense of official immunity, she should be afforded such immunity so long as she was acting within the scope of her authority and without malice." *Id.* at 191. "A finding that a public employee is entitled to official immunity does not preclude a finding that he or she committed a negligent act—because official immunity does not deny the existence of the tort of negligence, but instead provides that an officer will not be liable for damages caused by his negligence." *Southers*, 263 S.W.3d at 611.

"'Immunity' connotes not only immunity from judgment but also immunity from suit." *State ex rel. Morales v. Alessi*, 679 S.W.3d 467, 471 (Mo. banc 2023) (internal quotation omitted). "Courts applying the doctrine of official immunity must be cautious

7

not to construe it too narrowly lest they frustrate the need for relieving public servants of the threat of burdensome litigation." *Alsup*, 588 S.W.3d at 191 (internal quotation omitted).

Official immunity does not apply, and a public official may be held personally liable for the damages the official caused, in two narrow exceptions: (1) when a public official fails to perform a ministerial duty required of the official by law, or (2) when a public official acts in bad faith or with malice. *Id.* at 190; *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo. banc 1986). Austin and Musskopf assert the allegations of their second amended petition satisfy both exceptions.[7] This Court disagrees.

Turning to the first exception, official immunity does not apply when a public official fails to perform a ministerial duty required of the official by law. *Morales*, 679 S.W.3d at 471. A ministerial duty is clerical. *Id.* "[A] ministerial duty compels a task of such a routine and mundane nature that it is likely to be delegated to subordinate officials." *Id.* (internal quotation omitted). A duty is considered ministerial when the "act is to be performed upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority, and without regard to the public official's judgment or opinion concerning the propriety or impropriety of the act to be performed." *Id.* (internal quotation omitted). "The central inquiry is not whether the law confers a duty to act but, instead, whether the public official retains *any* discretion in completing an act[.]" *Id.* at 472. "[T]he test for whether a task is 'ministerial' for purposes of a writ of mandamus is

---

[7] The employees, who asserted the affirmative defense of official immunity, bear the burden of pleading and proving it applies. *Alsup*, 588 S.W.3d at 193.

precisely the same as the test for whether that task is 'ministerial' such that official immunity will not apply." *Id.* (internal quotation omitted). "[I]f a writ of mandamus would not have been proper to compel an official to perform an act, it should follow that official immunity protects an official from liability for injuries arising from the performance of that act." *Id.* (internal quotation omitted). "When even slight discretion exists, the duty is not ministerial." *Id.* at 473.

Austin and Musskopf focus on the mandatory nature of MHTC's rules, policies, and procedures, asserting the employees had no discretion but to follow the mandatory policies "to provide the required ongoing training or a safety plan to [] Anderson" and "to ensure the placement of a protective vehicle in advance of the work space." But whether a rule, policy, procedure, statute, or regulation may create a mandatory duty to act is ***not*** the relevant inquiry for deciding whether a duty is ministerial.[8] Instead, the pertinent inquiry is whether the nature of the act itself is ministerial or clerical. *Id.* at 471-73; *Alsup*, 588 S.W.3d at 192-93. Here, the acts of ensuring placement of the protective vehicle and providing the required ongoing training and a safety plan are not clerical or ministerial acts. To "ensure" and to "train" are inherently supervisory, highly

---

[8] In *Barron*, a trooper pursued a speeding truck without turning on her emergency lights or sirens in violation of Missouri State Highway Patrol policy. This Court rejected the argument that, because the trooper's acts violated a mandatory policy, those acts were ministerial. 655 S.W.3d at 361 n.1. Instead, the Court found the trooper's decision to leave her lights and sirens off was, in fact, discretionary even though that decision violated the clear policy. *Id.* at 361; *see also Morales*, 679 S.W.3d at 472 ("Thus, the relevant inquiry is not whether the law authorizes, regulates, or requires an action. Instead, it is whether the action itself is ministerial or clerical." (internal quotation omitted)).

discretionary, and precisely the kinds of acts official immunity is intended to protect. *See Southers*, 263 S.W.3d at 621 (noting the conduct at issue, including failure to follow the city's vehicle pursuit policy; failure to properly implement vehicle pursuit policies for the city; and failure to properly train the city's officers in pursuit procedures, "involves highly discretionary supervisory and policy decisions that the doctrine is intended to shield"). Further, it is clear from the face of the second amended petition that neither the duty to ensure placement of a protective vehicle nor the duty to provide ongoing training or a safety plan is "clerical" or "of such a routine and mundane nature that it is likely to be delegated to subordinate officials" as the second amended petition alleges each of the employees, who were not subordinate officials, breached these duties. That more than one supervisory, managerial employee could be responsible for these duties shows the duties are not clerical. In other words, the claimed duties are discretionary and not ministerial because each "could have been completed in various ways by various people." *Morales*, 679 S.W.3d at 473.

Turning to the second exception, "it is generally held that official immunity applies to all discretionary acts except those done in bad faith or with malice." *Twiehaus*, 706 S.W.2d at 446; *see also Alsup*, 588 S.W.3d at 190; *Southers*, 263 S.W.3d at 610. "The relevant definition of bad faith or malice in this context ordinarily contains a requirement of actual intent to cause injury." *Twiehaus*, 706 S.W.2d at 447. "A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another." *Alsup*, 588 S.W.3d at 190 n.7 (quoting *Twiehaus*, 706 S.W.2d at

10

447).

Austin and Musskopf correctly note they alleged the employees acted maliciously (as well as blatantly, intentionally, willfully wrong, in bad faith, and negligently) in their second amended petition and suggest this is enough to withstand judgment on the pleadings.[9] This ignores this Court's standard of review for a motion for judgment on the pleadings, which requires this Court to review the facts alleged on the face of the pleadings and not "blindly accept" legal conclusions drawn by the pleader from those facts. *City of St. Louis*, 682 S.W.3d at 396; *see also W. Robidoux Printing & Lithographing Co. v. Mo. State Hwy. Comm'n,* 498 S.W.2d 745, 749 (Mo. 1973) ("Bare allegations of 'bad faith' are conclusions which are not to be considered in determining whether a plaintiff has stated a cause of action."); *Stephens v. Dunn*, 453 S.W.3d 241, 251 (Mo. App. 2014) ("[A] bare conclusory allegation of bad faith and malice … is not sufficient to state a claim which is not barred by sovereign immunity.").

Applying this Court's standard of review, the circuit court should have sustained the employees' motions for judgment on the pleadings. The conclusory allegations of "malice," "willfully wrong," and "bad faith" are legal conclusions drawn by Austin and

---

[9] They point to *Forester v. May*, 671 S.W.3d 383, 387 (Mo. banc 2023), in which the Court stated: "[W]hen the factual allegations of a petition establish a public employee's challenged actions were within the scope of her official duties and there is no allegation of malice, the defendant may invoke the affirmative defense of official immunity in a motion to dismiss for failure to state a claim." They argue *Forester* stands for the proposition that an allegation of malice is sufficient to withstand a motion to dismiss for failure to state a claim or, as here, a motion for judgment on the pleadings. *Forester* did not so hold. In *Forester*, as in other official immunity cases decided by this Court when malice was not alleged, this Court determined the only issue before it–whether the duty was ministerial.

11

Musskopf from the facts alleged, and this Court's standard of review provides this Court will not "blindly accept" legal conclusions. The second amended petition is devoid of any factual allegation the employees intended to cause injury or death to Anderson or Jaxx. On the contrary, the second amended petition alleges only that the employees intended to violate their duties to ensure placement of a protective vehicle and to provide the required ongoing training and safety plan, not that they intended to injure Anderson or Jaxx. These factual allegations, if proven, establish at most an intentional policy violation, not that any employee performed a discretionary act with the actual intent to cause injury.

The most egregious reading of the allegations against the employees is the employees intentionally refused to ensure placement of a protective vehicle, ongoing training, and a safety plan in retaliation for Anderson's request MHTC supervisors place her in a safer role where the risk of injury would be reduced while she was pregnant. But, as set out above, that reading still establishes at most the employees intentionally failed to perform the discretionary duties required of them by law, which is negligence covered by official immunity. Even if one were to argue the intentional policy violations amount to gross negligence or recklessness, official immunity still applies. Missouri does not recognize a cause of action for gross negligence, and official immunity applies to recklessness to the same extent as negligence. *See Southers*, 263 S.W.3d at 610 n.8 (contrasting Missouri law with other jurisdictions, which have found immunity does not apply when a public employee acts with recklessness or gross negligence and noting

Missouri does not recognize gross negligence).[10]  Malice, or the actual intent to cause

injury, is the only mental state to which official immunity does not apply under Missouri

law.  There is nothing in the pleadings from which a jury reasonably could infer the

employees collectively or any employee individually intended to cause the injury or death

of Anderson and Jaxx through a vehicle operated by third-party McFadden entering the

work space and striking Anderson.  The facts alleged, together with reasonable inferences

---

[10] *See also Carlton v. Means*, No. ED111694, 2024 WL 330735, at *4 (Mo. App. Jan. 30, 2024) (affirming summary judgment for defendant) ("It is abundantly clear … reckless conduct alone does not amount to malice; there must also be evidence that the official had the intent to injure or prejudice the plaintiff."); *Moore v. City of O'Fallon*, 681 S.W.3d 715, 726 n.5 (Mo. App. 2023) (affirming summary judgment for defendants) (conclusory allegation of conduct rising "to the level of willfully wrong or done with malice or corruption" is insufficient when plaintiffs alleged no facts "from which it could reasonably be inferred that [the Officers] acted in bad faith or from an improper or wrongful motive." (alteration in original) (internal quotation omitted)); *Gray-Ross v. St. Louis Pub. Schs.*, 643 S.W.3d 665, 670 n.1 (Mo. App. 2022) (affirming dismissal for failure to state a claim) (allegations the defendant "acted willfully and recklessly" and with "a reckless indifference to and conscious disregard for the safety of others, including [Appellant]" were insufficient because "Appellant did not plead [the defendant] intended her action to be prejudicial or injurious and therefore has not alleged malice." (first alteration in original)); *Throneberry v. Mo. State Hwy. Patrol*, 526 S.W.3d 198, 204 (Mo. App. 2017) (affirming summary judgment for defendants) ("The mere assertion of recklessness as a separate cause of action from negligence is insufficient to implicate the bad faith exception to application of the official immunity doctrine."); *McCormack v. Douglas*, 328 S.W.3d 446, 451 (Mo. App. 2010) (affirming summary judgment for defendants) ("Appellants claim that Respondent's violation of the District's internal 'Intersection Crossing Policy' in driving through a stop sign without stopping was willfully wrong, in bad faith, or with malice.  This allegation, if proven at trial, is simply an allegation of negligence and, thus, does not rise to the level of bad faith or malice.").

therefrom, must show the plaintiff could prevail under the pleaded legal theory. *City of St. Louis*, 682 S.W.3d at 396.[11]

The circuit court should have sustained the employees' motions for judgment on the pleadings because the pleadings, with all reasonable inferences therefrom, demonstrate the employees are entitled to judgment as a matter of law on their affirmative defense of official immunity. The facts Austin and Musskopf alleged, together with the reasonable inferences therefrom, do not establish that either narrow exception to official immunity applies. As to the first exception, the mandatory policies the employees allegedly violated involve supervisory, highly discretionary acts rather than ministerial duties to which official immunity does not apply. As to the second exception, Austin and Musskopf pleaded no fact about the employees' intent to cause the deaths of Anderson and Jaxx, and their conclusory allegations of "malice," without more, are insufficient to withstand judgment on the pleadings.

---

[11] Austin and Musskopf assert this Court should remand to permit them to make the required factual allegations. This ignores that they have twice amended their petition and have not alleged actual intent to injure, and they presented nothing in briefing or at argument to suggest they could, in good faith, allege actual intent to injure; rather, they assert only that the employees may have resented Anderson requesting safer working conditions while pregnant. As set out elsewhere in this opinion, those allegations are insufficient as a matter of law to establish the employees acted in bad faith or with malice under Missouri law.

## Conclusion

This Court makes permanent its preliminary writ of prohibition in each case.


_____
Ginger K. Gooch, Judge

Russell, C.J., Powell, Fischer, Ransom
and Wilson, JJ., concur. Broniec, J., not participating.